SCOTT N. SCHOOLS (SC 9990)
United States Attorney

JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division

STEVEN J. SALTIEL (CSBN 202292)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6996
    FAX: (415) 436-6748

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, U.S. Department of Labor, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>LOCAL 10, INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, )<br><br>        Defendant. ) | No.  06-4668 VRW (JL)<br><br>**NOTICE OF MOTION, MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: October 11, 2007<br>Time: 2:00 p.m.<br>Courtroom: 6 |

## <u>NOTICE OF MOTION</u>

    PLEASE TAKE NOTICE that on October 11, 2007 at 2:00 p.m., or as soon thereafter as counsel may be heard, before Hon. Vaughn R. Walker, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California, Plaintiff Elaine L. Chao will move this Court for an order granting summary judgment in her favor pursuant to Fed. R. Civ. P. 56.  This motion is based on the accompanying points and authorities, the stipulation of undisputed facts, the Declaration of Regina Diaz in support of the motion, the pleadings on file in this action, and on such oral argument as the Court may permit.

\\

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW

### STATEMENT OF RELIEF SOUGHT BY PLAINTIFF

Plaintiff Elaine L. Chao, Secretary of Labor ("Secretary") requests an order granting summary judgment in her favor, voiding Defendant's November 11, 2005 election, and ordering that a supervised election be held.

### ISSUES TO BE DECIDED

1. Whether Defendant Local 10, International Longshore and Warehouse Union ("Local 10") violated Section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or Act), 29 U.S.C. § 481(e), by denying a member in good standing a reasonable opportunity to run for office in the November 11, 2005, election when it applied candidacy qualifications not contained in either its Constitution, bylaws, the International Constitution or any duly enacted union rule.

2. Whether Local 10's violation of Section 401(e) of the Act affected the outcome of the November 11, 2005, election.

3. Whether the appropriate relief is the voiding of the November 11, 2005, election and the conduct of a new election under the Secretary's supervision.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The LMRDA, and regulations promulgated thereunder, provide that limitations placed by a union on a member's eligibility to run for office must be set forth in the union's constitution, bylaws, or other duly enacted rule. Local 10's Constitution provides that only members who are in good standing, i.e., current in dues, fines, and assessments, may run for office. In 2005, Local 10 imposed an additional qualification that was not contained in its Constitution or bylaws: it required members to "clear" their membership books before the deadline for submitting nominating petitions. In order to clear one's book, a member must present their membership book to a union official, who ensures that the member has paid his dues, and has attended each meeting or paid the $50 fine for each meeting he failed to attend. Trevyn McCoy, a member in good standing who was current in dues and who had attended each membership meeting, submitted a timely nominating petition to run for Executive Board and Trustee. However, the

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                         2

union prevented McCoy from running for office because he failed to clear his book by the deadline.

As discussed below, by imposing an additional candidacy qualification that was not contained in its constitution, bylaws, or other duly enacted rule, Local 10 violated Section 401(e) of the Act.  The union denied McCoy, a member in good standing, a reasonable opportunity to run for office in the 2005 election.  Moreover, the results of the election show that the violation may have affected the outcome of the election.  Local 10 cannot sustain its burden to prove that the results of the election would have been the same absent the violation.  Finally, the only remedy authorized under the Act is to void the election and order that a new election be conducted under the supervision of the Secretary.

## II. <u>STATEMENT OF FACTS</u>

The Secretary submits that the following material facts are not in dispute:

Defendant Local 10, International Longshore and Warehouse Union ("Local 10"), is a local labor organization subject to the provisions of the LMRDA.  Local 10 conducted its regularly scheduled election of officers on November 11, 2005 (the primary), and December 9, 2005 (the runoff).  Stipulation of Undisputed Facts at ¶¶ 1-2.

Candidacy requirements for the election of officers are contained in Local 10's Constitution and By-Laws.  Article V, Section 1(c) of Local 10's Constitution provides that:

> Only a member who has been in good standing for one (1) year prior to the presentation of a nominating petition on his behalf shall be eligible as a candidate for any office.

Article XIII, Section 3 of Local 10's Constitution provides that:

> Any member who shall fail to pay his fines and assessments, or permit his dues to run for one (1) month and fifteen days, shall be considered not in good standing . . .

Article III of Local 10's Constitution provides that the fine for non-attendance of membership meetings is $ 50 per meeting.  Stipulation of Undisputed Facts at ¶¶ 3-6.

In order to run for office in 2005, Local 10 imposed an additional requirement that does not appear in its constitution or any other duly enacted rule.  Candidates were required to "clear" their membership books by October 20, 2005, the deadline for submitting nominating petitions.

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                          3

"Clearing" requires the member to appear at the Local 10 office between the September and October membership meetings to show that he has attended all of the monthly membership meetings, or, if not, to pay any fines for missing the meetings. Stipulation of Undisputed Facts at ¶ 8-13.

Member Trevyn McCoy submitted nominating petitions to run for the positions of Executive Board member and Trustee in Local 10's November 11, 2005, primary election. Statement of Undisputed Facts at ¶ 14. Even though he was a member in good standing who owed no dues or fines, and who had attended each membership meeting, Local 10 determined that he was ineligible to run for office because he had not cleared his membership book by October 20, 2005. Stipulation of Undisputed Facts at ¶¶ 15-16; Declaration of Regina Diaz at ¶ 3, Exhibit 1, p. 225.

Because Local 10 determined that McCoy was ineligible to run, his name did not appear on the ballot for Executive Board member or Trustee in 2005. Forty-one candidates ran for 35 Executive Board member positions in 2005, and the lowest margin of victory was two votes. Five Trustee candidates ran for five open positions in 2005. Stipulation of Undisputed Facts at ¶¶ 17-19. Therefore, McCoy's disqualification affected the outcome of the election.

## II. **ARGUMENT**

A. LOCAL 10 VIOLATED THE LMRDA BY DENYING A MEMBER IN GOOD STANDING A REASONABLE OPPORTUNITY TO RUN FOR OFFICE WHEN IT IMPOSED A CANDIDACY QUALIFICATION NOT CONTAINED IN THE UNION'S CONSTITUTION OR BYLAWS.

The principal goal of Title IV of the LMRDA "is to insure fair and democratic [union] elections." Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 389 U.S. 463, 468-70 (1968); see also Wirtz v. Hotel, Motel and Club Employees Union, Local 6, 391 U.S. 492, 496 (1968). In the 1950s, Congress investigated the nation's unions and found corruption in union leadership and disregard for rank-and-file members. See LMRDA § 2(b), 29 U.S.C. § 401(b); S. Rep. No. 187, 86th Cong., 1st Sess., reprinted in 1959 U.S. Code Cong. & Admin News 2318-2321. Through the LMRDA, Congress sought to "protect the rights of rank-and-file members to participate fully in the operation of their union through processes of democratic self-government, and through the election process…." Hotel, Motel and Club Employees, Local 6, 391 U.S. at

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                                    4

497; see also Local 153, Glass Bottle Blowers Ass'n, 389 U.S. at 468-70.  Recognizing that free and fair elections were essential to union self-government, Congress provided the safeguards of Title I and Title IV of the LMRDA "to provide a fair election and guarantee membership participation."  American Federation of Musicians v. Wittstein, 379 U.S. 171, 182 (1964); see also Wirtz v. American Guild of Variety Artists, 267 F. Supp. 527, 544 (S.D.N.Y 1967) (Congress intended democratic and scrupulously fair elections).

Section 401(e) of the LMRDA provides that "a reasonable opportunity shall be given for the nomination of candidates and every member in good standing shall be eligible to be a candidate and to hold office (subject to . . . reasonable qualifications uniformly imposed)."  29 U.S.C. § 481(e).  It is generally recognized that unions may have a legitimate interest in prescribing minimum standards for candidacy and office-holding.  However, any qualification on candidacy must be reasonable.  29 C.F.R. § 452.35.  The Secretary's interpretative regulations make it clear that a union may only impose a duly enacted candidacy qualification:

> An essential element of reasonableness is adequate advance notice to the membership of the precise terms of the requirement.  A qualification which is not part of the constitution and bylaws or other duly enacted rules of the organization may not be the basis for denial of the right to run for office, unless required by Federal or State law.

29 C.F.R. § 452.53.  A restriction on the right to run for office that fails to meet this standard is not a "reasonable qualification" under the statute.  29 U.S.C. § 481(e); see also Hodgson v. Longshoremen, Local 1655, 79 L.R.R.M. 2893 (E.D. La. 1972) (holding union's meeting attendance requirement to be void in part because "it was not officially embodied in its constitution and bylaws."); Wirtz v. Local 559, United Bhd. of Carpenters, 61 L.R.R.M. 2618, 2622 (W.D. Ky. 1966) ("Reasonable qualifications which may be imposed under Section 401(e) of the Act … must be spelled out in the union constitution and bylaws so that all potential candidates and their supporters will have notice of them.").

By requiring members to clear their membership books in order to run for office, Local 10 has imposed a candidacy qualification that is not contained in its constitution, bylaws, or any duly enacted rule.  Potential candidates like Mr. McCoy, otherwise eligible to run for office, had no advance notice of this candidacy requirement.  Accordingly, Local 10 imposed an

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                              5

unreasonable qualification in violation of Section 401(e) of the Act.  29 U.S.C. § 481(e).

The Secretary anticipates that Local 10 will argue that the requirement that potential candidates clear their books is merely a reasonable method of ensuring that candidates are in good standing.  But it is more than just an application of existing rules.  It is an additional affirmative act that a candidate must take in order to run.  Therefore, it must be in the constitution or some duly enacted rule before it can be invoked to disqualify a candidate.

The risk in imposing new rules to an election already in progress was realized in Mr. McCoy's case.  There is no dispute that he was eligible to run for office under Local 10's Constitution.  However, he was disqualified based on a defect in his petitions of which he had no reasonable notice, and which he had no opportunity to cure.  Under these circumstances, Mr. McCoy was denied a "reasonable opportunity" to run for and hold office within the meaning of Section 401(e) of the LMRDA.  29 U.S.C. § 481(e).

B.  LOCAL 10's VIOLATION OF THE LMRDA AFFECTED THE OUTCOME OF THE 2005 ELECTION.

Section 402(c) of the LMRDA requires the Court to declare the election void and order that a new election be conducted under the Secretary's supervision if the Court finds, by a preponderance of the evidence that a violation of Section 401 "may have affected the outcome of an election." 29 U.S.C. § 482(c).  The Supreme Court has held that once the Secretary establishes a violation of Section 401, she has established a prima facie case that the violation may have affected the outcome of the election, and the burden of proof shifts to the union to prove the results of the election would have been the same absent the violation.  Wirtz v. Hotel, Motel and Club Employees Union, Local 6, 391 U.S. 492, 506-507 (1968).

As discussed above, the Secretary has established that Local 10 violated Section 401(e) of the Act when it imposed a candidacy requirement not contained in its constitution or bylaws to prevent a member in good standing from running for office.  Thus, the Secretary has established a prima facie case that the violation affected the outcome of the election.  While it is impossible to demonstrate with precision the exact effect the violation had on the outcome of the election, Local 10 cannot show that the election results for those offices would have been the same with

the addition of McCoy on the ballot.  The candidate elected to the last Executive Board position made it by a two vote margin.  The candidates for the five Trustee positions ran unopposed. Statement of Undisputed Facts at ¶¶ 18-19.  Accordingly, Local 10's violation affected the outcome of the 2005 election.

C.  THE LMRDA MANDATES A NEW, SUPERVISED ELECTION.

Section 402 (c) and the Act, 29 U.S.C. § 482(c), provides that:

> If, upon a preponderance of the evidence after a trial upon the merits, the court finds . . .
>
> (2) that the violation of section 481 of this title may have affected the outcome of an election,
>
> The court shall declare the election, if any, to be void and direct the conduct of a new election under supervision of the Secretary and, so far as lawful and practicable, in conformity with the constitution and bylaws of the labor organization.

The Supreme Court has held that when the Secretary proves the existence of a violation of Section 401 that may have affected the outcome of a challenged election, the fact that the union has already conducted another unsupervised election does not deprive the Secretary of his right to an order declaring the challenged election void and directing that a new supervised election be conducted.  Wirtz v. Local 153, Glass Bottle Blowers Ass'n, 389 U.S. 463, 475-76 (1968).  The Court reasoned that Congress "chose the alternative of a supervised election as the remedy for a section 401 violation in the belief that the protective presence of a neutral Secretary of Labor would best prevent the unfairness in the first election from infecting, directly or indirectly, the remedial election."  Id., 389 U.S. at 474.

Local 10 has conducted an unsupervised election since the 2005 election.  However, under Wirtz v. Local 153, Glass Bottle Blowers Ass'n, supra, the new election does not render the Secretary's challenge to the 2005 election moot.  The LMRDA mandates that the only appropriate remedy for Local 10's violation of Section 401 is to declare the election void and order a new election under the supervision of the Secretary.

\\

\\

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                              7

### III.  CONCLUSION

Based on the foregoing, the Secretary's motion for summary judgment should be granted in its entirety.  The Court should issue an order declaring that Local 10's 2005 election is void and directing a new election under the supervision of the Secretary.

DATED: July 23, 2007                     Respectfully submitted,

                                         SCOTT N. SCHOOLS
                                         United States Attorney


                                         _____/s/_____
                                         STEVEN J. SALTIEL
                                         Assistant United States Attorney

MOTION FOR SUMMARY JUDGMENT
No. C 06-4668 VRW                        8